In re STONE & WEBSTER, INC.,
SECURITIES LITIGATION.

No. CIV.A.00–10874–RCL.

United States District Court,
D. Massachusetts.

Aug. 25, 2003.

---

**14.** See footnote number six.

**15.** See footnote number ten.

Edward J. Barshak, Sugarman, Rogers, Barshak & Cohen, Boston, MA, Adria Benner, Grant & Eisenhofer, P.A., Wilmington, DE, Jay W. Eisenhofer, Grant & Eisenhofer, P.A., Wilmington, DE, Sidney S. Liebesman, Grant & Eisenhofer, P.A., Wilmington, DE, for Lens Investment Management, LLC and RAM Trust Services, Inc.

Richard D. Batchelder, Jr., Ropes & Gray LLP, Boston, MA, John D. Donovan, Jr., Ropes & Gray LLP, Boston, for Thomas Langford.

Norman Berman, Jeffrey C Block, Alicia M. Duff, Berman, DeValerio, Pease, Tabacco, Burt & Pucillo, Boston, MA, for SG Cowen Asset Management Inc., Adele Brody, Albert A. Blank, David B. Everson, Elena Hanley, Fanny Mandelbaum, John Grady, and Mark Hanson.

Peter M. Casey, Kevin C. Conroy, Christian M. Hoffman, Jack W. Pirozzolo, Foley Hoag LLP, Boston, MA, for PricewaterhouseCoopers, LLP.

Thomas J. Dougherty, Skadden, Arps, Slate, Meagher & Flom, Boston, MA, Janet L. Goetz, Skadden, Arps, Slate, Meagher & Flom, Washington, DC, for Stone & Webster, Inc.

Inez H. Friedman–Boyce, Thomas C. Frongillo, Jordan D. Hershman, Meredith Ann Wilson, Testa, Hurwitz & Thibeault, LLP, Boston, MA, William G. Meserve, Ropes & Gray LLP, Boston, MA, for H. Kerner Smith.

Nancy F. Gans, Stephen Moulton, Moulton & Gans, PC, Boston, MA, for Kevin Frye and Fred Dubois, Jr.

Paul J. Geller, Cauley & Geller, LLP, Boca Raton, FL, Samuel H. Rudman, Cauley, Geller, Bowman, Coates & Rudman, LLP, Melville, NY, Steven G. Schulman, Milberg Weiss Bershad Hynes & Lerach LLP, New York City, Marc A. Topaz, Schiffrin & Barroway, LLP, Bala Cynwyd, PA, for Fred Dubois, Jr.

## MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND CONSOLIDATED AND AMENDED CLASS ACTION COMPLAINT

LINDSAY, District Judge.

Before me is a motion by the lead plaintiffs in this securities fraud class action for leave to amend the First Consolidated and Amended Class Action Complaint (the "complaint"). On March 28, 2003, I issued a memorandum and order dismissing most of the claims asserted in the complaint as pleaded with insufficient specificity according to the requirements of Fed.R.Civ.P. 9(b) and the Private Securities Litigation Reform Act of 1995. *In re Stone & Webster, Inc. Securities Litigation*, 253 F.Supp.2d 102 (D.Mass.2003). I also dismissed the complaint in its entirety insofar as it asserted any claim against PricewaterhouseCoopers, LLP ("PwC"). *Id.* The plaintiffs have proposed a 148–page, 450–paragraph Second Consolidated and Amended Class Action Complaint (the "proposed complaint") that, they assert, would remedy all of the defects identified in my order of March 28. The plaintiffs also seek leave to add additional plaintiffs to the proposed plaintiff class. Defendants, PwC, H. Kerner Smith ("Smith") and Thomas L. Langford ("Langford") oppose the proposed complaint as untimely.

 In support of their claim that they should be permitted to amend the complaint, the plaintiffs cite the "liberal policy in this Circuit of permitting amendment[.]" [1] Memorandum of Law in Support of Lead Plaintiff's Motion for Leave to File a Second Consolidated and Amended Class Action Complaint at 2. For their part, the defendants argue that leave to replead should not be granted, the statement in Fed.R.Civ.P. 15(a) that leave to amend pleadings "shall be freely given when justice so requires" notwithstanding, both because the plaintiffs have unduly delayed in filing the proposed complaint and because the "newly discovered

---

1. This statement by the plaintiffs is not accompanied by citations to First Circuit case law. I direct the plaintiffs' attention to the First Circuit's statement that "[i]f leave to amend is con-- templated, we require an express judicial statement to that effect[.]" *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 628 (1st Cir.2000).

evidence" cited by plaintiffs, as necessitating the amendment, is not newly discovered after all. *See* PricewaterhouseCoopers, LLP's Opposition to Plaintiffs' Motion for Leave to File a Second Consolidated and Amended Class Action Company at 5–8; Defendants H. Kerner Smith and Thomas L. Langford's Joint Memorandum of Law Opposing as Untimely Plaintiffs' Motion for Leave to File a Second Consolidated and Amended Class Action Complaint at 8–11. On the basis of the briefs submitted by the plaintiffs, on the one hand, and by the defendants, on the other, as well as the exchange that took place at a scheduling conference held in this matter on May 28, 2003 [2], I conclude that the plaintiffs are not entitled to amend their complaint to remedy the pleading defects that were the basis of my March 28 ruling.

 "The decision whether to allow motion for leave [to amend pleadings] falls within the district court's discretion." *Sheehan v. City of Gloucester*, 321 F.3d 21, 26 (1st Cir. 2003). A district court's decision to deny leave to amend, pursuant to rule 15(a), will not be found to be an abuse of its discretion where "there appears to be an adequate reason for the denial of leave to amend (e.g., undue delay, bad faith, dilatory motive, futility of amendment, prejudice[.])" *Mirpuri*, 212 F.3d at 628 (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 622 (1st Cir. 1996) (internal quotation marks omitted)). I agree with several other district courts that have found strategies similar to the "'wait-and-see-what-happens' approach" taken here by the plaintiffs to constitute undue delay. *In re Capstead Mortgage Corp. Sec. Litig.*, 258 F.Supp.2d 533, 568 (N.D.Tex.2003) ("Such approach unnecessarily prolongs litigation and effectively awards [sic] Plaintiffs for the unjustified delay"); [3] *see also In re Digital Island Sec. Litig.*, 2002 WL 31667863, at *1 (D.Del. Nov.25, 2002) ("[T]he

court is troubled by the plaintiffs' decision to file this motion not only after the motion to dismiss had been filed, but *after* the court had decided this motion and dismissed their claims.") (emphasis in original); *In re NAHC, Inc. Sec. Litig.*, 2001 WL 1241007, at *25 (E.D.Pa. Oct.17, 2001) (after ten law firms had over a year to produce a consolidated complaint from six individual complaints, the court had "no doubt that the action is mature from a pleading perspective.") (*aff'd*, 306 F.3d 1314 (3d Cir.2002)); *In re Champion Enters., Inc. Sec. Litig.*, 145 F.Supp.2d 871, 873 (E.D.Mich.2001) (holding heightened pleading requirement of PSLRA "is meaningless if judges on a case-by-case basis grant leave to amend numerous times."). Although the plaintiffs premised their motion for leave to amend on the theory that the facts that would allegedly remedy the pleading defects identified in the March 28 order were "newly discovered," they conceded at the scheduling conference that much of this information was in fact available to them during the pendency of the motions to dismiss. Despite my request and the request by the defendants in the surreply brief I authorized at the scheduling conference, the plaintiffs have not identified specifically what new facts were contained in the piece or pieces of information made available to them after March 28 of this year. Moreover, much of the evidence characterized as "newly discovered"—including a putative expert's report that I struck when it was submitted at an earlier stage of this litigation—could easily have been incorporated into an amendment or supplement to the complaint before I issued my memorandum and order of March 28, 2003.

 The fact that the plaintiffs chose to oppose the motions to dismiss on the grounds that their complaint was, in their view, sufficiently pleaded, rather than pro-

---

**2.** By letter dated April 8, 2003, the plaintiffs' counsel urged the prompt convening of a scheduling conference, noting that the passage of time between the filing of this case and the disposition of the motions to dismiss made it "imperative" that the plaintiffs commence discovery. Letter from Jay W. Eisenhofer to the court of April 8, 2003 (Dkt. No. 120). Notwithstanding what then appeared to be the understandable impatience manifested in the letter, it was not until the day

of the conference, May 28, 2003, that the plaintiffs filed a motion for leave to amend the complaint.

**3.** The law firm representing some of the plaintiffs in *Capstead* also represents plaintiffs, and is a member of the plaintiffs' Executive Committee, in this case.

viding the additional information known to them during the necessarily lengthy period during which the motions to dismiss were being considered, smacks of gamesmanship bordering on bad faith. A plaintiff shouldering the burden of pleading under the PSLRA cannot pull its punches in this way and then expect a district court to allow that plaintiff another chance once the matter has not only been fully briefed, but actually decided. *See In re Digital Island Sec. Litig.*, 2002 WL 31667863, at *1. Considerable effort of the parties and the court was expended in the disposition of the motion to dismiss: the papers of the parties in support of and in opposition to the motion, the relevant documents at issue, and the pertinent cases created a veritable mountain of documents—a mountain that I laboriously climbed more than once. I also note that counsel for the plaintiffs had several contacts with the court during the pendency of the motions to dismiss, including the filing of four motions for leave to file notices of supplemental authority and a letter that was dated one week before I issued my memorandum and order. That letter suggested that oral argument might appropriately be scheduled, given the time elapsed since the completion of briefing. "When a plaintiff fails to seek leave to amend after a motion to dismiss has been filed, and is aware of the stringent pleading requirements [of the PSLRA], the logical inference is that the plaintiff intends to stand on his or her complaint." *Capstead Mortgage Corp.*, 258 F.Supp.2d at 568 n. 13. To hold back facts the plaintiffs now characterize as helpful or even crucial to their case, all the while filing updates regarding the state of the law and checking in on the progress of the decision on the motions to dismiss and the hundreds of pages of briefing and other materials engendered thereby, strikes me as precisely the sort of "undue delay" that should result in a denial of leave to amend.

For the reasons discussed above, the motion of the plaintiffs for leave to file a Second Consolidated and Amended Class Action Complaint is DENIED. PwC has filed a motion for the entry of a partial final judgment under Fed.R.Civ.P. 54(b). The other defendants have filed a joint motion for summary judgment as to the one claim remaining against them. I will shortly issue rulings with respect to those motions.

SO ORDERED.