**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 06-1652

GOVERNOR WENTWORTH REGIONAL SCHOOL DISTRICT,

Plaintiff, Appellee,

v.

PAUL HENDRICKSON, ET AL.,

Defendants, Appellants

v.

GUY DONNELLY, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Torruella, Lynch and Lipez,
Circuit Judges.

Stephen E. Borofsky, Erica Bodwell and Borofsky, Amodeo-Vickery & Bandazian, P.A., on brief for appellants.

November 13, 2006

**Per Curiam**. Governor Wentworth Regional School District, Assistant Principal Guy Donnelly, Principal Paul Macmillan, and Superintendent John Robertson (hereinafter collectively referred to as "appellees") have moved to dismiss on the ground of mootness the appeal of appellants, Paul and Deborah Hendrickson. We grant the motion.

The legal proceedings began when appellees sought a declaratory judgment in the United States District Court for the District of New Hampshire stating that their suspension of appellants' son, Paul, in the Spring of 2005 due to his continued wearing of a provocative anti-Nazi patch on his sleeve was lawful. Appellants, who are Paul's parents, responded by, inter alia, filing a counterclaim requesting injunctive relief, damages, fees, and a declaration that appellees' actions were unconstitutional.[1] Both appellees and appellants moved for summary judgment. Appellees prevailed on March 15, 2006, and an appeal followed.

In their motion to dismiss, appellees contend that, because there are no monetary claims left, Paul's graduation during the pendency of the appeal has made it impossible for this Court to redress effectively appellants' remaining claims for relief. The motion set off a back-and-forth between the parties that bottomed out in a factual disagreement over the contents of Paul's permanent

---

[1]Eventually, appellants withdrew their claims for money damages and for a jury trial.

record at the high school: appellees contend that the absences caused by suspension are not a part of the permanent record and appellants disagree. Accordingly, we ordered appellees to file under seal with this court, among other things, a copy of Paul's permanent record. Appellees complied with the order, and we have determined that Paul's permanent record does not contain any information pertaining to his suspension or absences.

Because they were advanced prior to appellees' submission of the contents of Paul's permanent record, certain of appellants' defenses to mootness rely on the proposition that the record is a source of adverse collateral consequences to Paul. The record gives no indication that Paul was suspended, however, so we conclude that these defenses are unpersuasive. Two defenses remain: (1) that "this case has been widely reported . . . [so] [a]ny employer checking Paul's background will easily access his history of suspensions from Kingswood Regional High School" and will, thereafter, be less inclined to hire Paul unless we declare that the suspension was unconstitutional and (2) that "the School District has defamed Paul, both at his school and in the press [so] Paul is entitled to appellate review of the District Court's decision to redress the negative statements made about him." We address these seriatim.

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in

the outcome, or alternatively, when the party invoking federal court jurisdiction no longer has a personal stake in the outcome of the controversy." Boston and Maine Corp. v. Brotherhood of Maintenance of Way Employees, 94 F.3d 15, 20 (1st Cir. 1996) (internal citations omitted). A claim for declaratory relief may only be addressed by this Court if "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Preiser v. Newkirk, 422 U.S. 395, 402 (1975). Appellants contend that they have a legally cognizable interest in the outcome of their request for declaratory relief because it will have a bearing on Paul's prospective employment possibilities. Courts have found in such circumstances that the collateral consequences of the disputed act are too speculative to support a claim. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 699-700 (3d Cir. 1996); Beattie v. United States, 949 F.2d 1092, 1095 (10th Cir. 1991); Westmoreland v. National Transp. Safety Bd., 833 F.2d 1461, 1463 (11th Cir. 1987); Sandidge v. State of Washington, 813 F.2d 1025, 1025-26 (9th Cir. 1987); cf. Phelps v. Wichita Eagle-Beacon, 886 F.2d 1262, 1268-69 (10th Cir. 1989). We find their decisions persuasive. Accordingly, we conclude that the consequences of the suspension do not give rise to a substantial controversy of sufficient immediacy

-4-

and reality to warrant the issuance of a declaratory judgment. See Preiser, 422 U.S. at 402.

Appellants' second defense to mootness fares no better. Nowhere in appellants' pleadings is there anything resembling an express defamation cause of action. Perhaps realizing this, appellants note that "[t]his relief is equitable in nature and is encompassed in Paul's request for relief in his complaint." In particular, appellants refer to the portion of their counterclaim in which they request for "all such further relief as the Court may deem just and proper." Elsewhere, however, we have concluded that such language does not operate to preserve a request for damages in order to avoid mootness. See, e.g., Thomas R.W. by & Through Pamela R. v. Massachusetts Dep't of Educ., 130 F.3d 477, 480-481 (1st Cir. 1997) (claim for damages raised on appeal in order to avoid mootness waived when based on "such further relief a this court deems just and proper" provision in complaint); see also Fox v. Board of Trustees of State Univ. of N.Y., 42 F.3d 135, 141-2 (2d Cir. 1994) (appellate courts "are especially reluctant in these circumstances to read a damages claim into the Complaint's boilerplate prayer for 'such other relief as the Court deems just and proper.'"). Consequently, the defamation claim is waived.

For these reasons, we conclude that Paul's graduation has mooted this appeal. Accordingly, we vacate the judgment of the district court and remand the case with direction to dismiss both

the complaint and the counterclaim as moot. <u>See</u> <u>Medical Prof'l Mut. Ins. Co.</u> v. <u>Breon Lab., Inc.</u>, 141 F.3d 372, 376 (1st Cir. 1998) (if "a judgment is rendered moot during an appeal, either through happenstance or unilateral action by the prevailing party, normally the court dismisses the appeal and orders the judgment vacated"). <u>Vacated and remanded</u>. No costs are awarded.