```
12-4314-cv
KM Enters., Inc. v. McDonald
```

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand thirteen.

PRESENT: AMALYA L. KEARSE,
         DENNY CHIN,
                  Circuit Judges,
         JANET C. HALL,
                  District Judge.[*]

- - - - - - - - - - - - - - - - - - - - - - - -x

KM ENTERPRISES, INC. DBA EMTRAC SYSTEMS,
                  Plaintiff-Appellant,

          -v-                                    12-4314-cv

JOAN McDONALD, in her capacity as
Commissioner, New York State Department
of Transportation,
                  Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:     JANA YOCOM, Jana Yocom, P.C.,
                             Mount Vernon, Illinois.

_____

[*]     The Honorable Janet C. Hall, United States District Judge for the District of Connecticut, sitting by designation.

FOR DEFENDANT-APPELLEE:          BRIAN A. SUTHERLAND, Assistant
                                 Solicitor General, <u>for</u> Barbara D.
                                 Underwood, Solicitor General,
                                 Richard Dearing, Deputy Solicitor
                                 General, <u>and</u> Eric T. Schneiderman,
                                 Attorney General of the State of
                                 New York, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Spatt, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant KM Enterprises, Inc. ("KME") appeals from the district court's September 26, 2012 judgment, entered pursuant to its September 25, 2012 memorandum of decision and order dismissing the amended complaint for lack of subject matter jurisdiction and failure to state a claim. <u>See</u> Fed. R. Civ. P. 12(b)(1) and(6). We assume the parties' familiarity with the facts, procedural history, and specification of issues for review.

We review dismissals under Rules 12(b)(1) and 12(b)(6) <u>de novo</u>, accepting the complaint's allegations as true and drawing all reasonable inferences in favor of the plaintiff. <u>See</u> <u>Rothstein v. UBS AG</u>, 708 F.3d 82, 90 (2d Cir. 2013). After an independent review of the record, we affirm for substantially

the reasons set forth by the district court in its thorough and well-reasoned thirty-eight page opinion.

The district court noted the myriad deficiencies in KME's amended complaint. KME sued defendant-appellee Joan McDonald in her official capacity as Commissioner of the New York State Department of Transportation ("DOT"), effectively rendering this a suit against the State of New York. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). As a general matter, states enjoy sovereign immunity from suit in federal court, even if the claim arises under federal law. See U.S. Const. amend. XI; Alden v. Maine, 527 U.S. 706, 727-28 (1999) (citing Hans v. Louisiana, 134 U.S. 1, 14-15 (1890)). A narrow exception exists where a complaint against a state officer alleges a "continuing violation of federal law" requiring "prospective injunctive relief." Green v. Mansour, 474 U.S. 64, 68 (1985) (emphasis added) (citing Ex parte Young, 209 U.S. 123, 155-56 (1908)).

KME argues on appeal that there are two continuing violations here: first, the continuous payments of federal funds pursuant to the unlawfully procured contract, and second, the possibility that in the future the DOT will award contracts to other subcontractors who have not submitted the lowest competitive bid. But KME lacks standing to assert these claims:

- 3 -

the allegedly unlawful distribution of federal funds to others does not cause KME a concrete, particularized injury,[1] cf. Ariz. Christian Sch. Tuition Org. v. Winn, 131 S. Ct. 1436, 1442-43 (2011), and it is entirely speculative that ordering the DOT to employ competitive bidding for subcontractors will result in KME receiving these contracts in the future, see Linda R.S. v. Richard D., 410 U.S. 614, 618 (1973). KME's request for a declaratory judgment stating that the federal regulations require acceptance of the bid submitted by the lowest bidder for highway projects such as those funded here was properly rejected, as such a judgment would constitute an advisory opinion, which federal courts lack authority to render. See, e.g., Penguin Books USA Inc. v. Walsh, 929 F.2d 69, 72 (2d Cir. 1991).

The amended complaint also asserts a claim under 42 U.S.C. § 1983. Because the claim was pled against McDonald in her official capacity, however, it is barred by the Eleventh

---

[1] To the extent KME alleges that it suffered a concrete injury because the DOT should have awarded the contract and paid the funds to KME, that would constitute a claim for monetary relief, which is barred by the Eleventh Amendment, and no form of prospective relief could remedy that injury. Cf. Green v. Mansour, 474 U.S. 64, 71-73 (1985) (holding that Eleventh Amendment prevents federal courts from providing any relief that is "not the type of remedy designed to prevent ongoing violations of federal law," including declaratory judgments that past acts were unlawful).

Amendment.  See Graham, 473 U.S. at 169.  Moreover, even if it were pled against McDonald in her individual capacity, the amended complaint does not allege any actions that McDonald personally took, or failed to take, and thus fails to state a claim against her.  See Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) ("An individual cannot be held liable . . . under § 1983 merely because he held a high position of authority, but can be held liable if he was personally involved in the alleged deprivation." (quotation omitted)).

We have considered KME's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

<pre>
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
</pre>