# United States Court of Appeals
## For the First Circuit

No. 20-1386

JOHN CAPRIOLE, individually and on behalf of others similarly situated,

Plaintiff, Appellant,

v.

UBER TECHNOLOGIES, INC.; DARA KHOSROWSHAHI,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Indira Talwani, U.S. District Judge]

Before

Lynch and Kayatta, Circuit Judges,
and McElroy,[*] District Judge.

Shannon Liss-Riordan, with whom Adelaide H. Pagano and Lichten & Liss-Riordan, P.C. were on briefs for appellant.
Theane Evangelis, with whom Blaine H. Evanson, Heather Richardson, Jillian N. London, Samuel Eckman, and Gibson, Dunn & Crutcher LLP were on briefs for appellees.
James W. Simpson, Jr., and Law Offices of James W. Simpson, Jr., P.C. on brief for Boston Independent Drivers Guild, Gig Workers Rising, Mobile Workers Alliance, Rideshare Drivers United, and We Drive Progress, amici curiae.

---

[*] Of the District of Rhode Island, sitting by designation.

March 23, 2021

LYNCH, **Circuit Judge**.  Plaintiff John Capriole filed a class-action complaint in the United States District Court for the District of Massachusetts asserting jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and alleging that Uber Technologies, Inc. ("Uber") misclassified him and other drivers as independent contractors rather than employees.  He then filed a motion for a preliminary injunction seeking to require Uber to alter its classification and treat him and those similarly situated as employees.  After the district court denied Capriole's motion for a preliminary injunction, he appealed to this court.  The district court then granted a prior motion to transfer the case to the Northern District of California.  The Northern District of California court dismissed the case and entered final judgment.  That dismissal is pending before the Ninth Circuit Court of Appeals.

This appeal concerns only the Massachusetts district court's denial of Capriole's first preliminary injunction motion and whether we have jurisdiction over the appeal.  We dismiss the appeal before us as we have no appellate jurisdiction.

## I. Background

Uber owns a mobile phone application (the "app") through which customers can request rides from one place to another.  When a customer requests a ride, the app notifies a nearby Uber driver and the driver may accept or decline the request.  If a driver

declines the request, it is offered to another driver. The driver who accepts the request meets the customer at his or her location. The price of the ride is set by Uber and passengers do not select their drivers.

When drivers sign up for the Uber app, they must accept the "Technology Services Agreement" ("TSA"), which governs the relationship between Uber and its drivers. The TSA includes an arbitration agreement (the "Arbitration Provision") which states that disputes arising out of the TSA may be resolved "only by an arbitrator through final and binding arbitration on an individual basis only." Drivers may opt out of the Arbitration Provision within thirty days after signing up.

Capriole signed up to be a driver on March 27, 2016. He did not opt out of the Arbitration Provision.

## II. Procedural History

On September 12, 2019, Capriole filed a federal complaint against Uber and its CEO alleging that Uber misclassified its drivers as independent contractors instead of employees in violation of the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148B. Capriole argued that drivers must be classified as employees and paid and granted benefits as employees under Massachusetts law.

A week later, on September 19, 2019, Capriole filed a motion to preliminarily enjoin Uber from continuing to classify

Uber drivers as independent contractors. Capriole made several arguments as to why class-wide preliminary injunctive relief was appropriate despite the Arbitration Provision. First, as to the Arbitration Provision, Capriole argued that it was unenforceable because Uber drivers are exempt from the Federal Arbitration Act ("FAA") and Massachusetts law does not allow enforcement of arbitration clauses containing class action waivers where they are not covered by the FAA. See Feeney v. Dell Inc., 908 N.E.2d 753, 768-69 (Mass. 2009) (abrogated in part by AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011)). Capriole also argued that even if his claims had to be arbitrated under the Arbitration Provision, the district court had the power to issue preliminary injunctive relief to protect him while the arbitration was ongoing.

Second, as to preliminary injunctive relief, Capriole argued he sought "public" injunctive relief, and under California law "agreements to arbitrate claims for public injunctive relief under [certain statutes] are not enforceable." McGill v. Citibank, N.A., 393 P.3d 85, 90 (Cal. 2017). Capriole argued that the Massachusetts Supreme Judicial Court would follow California law on this point.

On October 17, 2019, Uber filed a motion to compel arbitration and a motion to transfer the case to the Northern District of California on the grounds that a parallel misclassification suit was ongoing in California and the TSA

contained a forum selection clause specifying that any claims not arbitrated would be litigated in the Northern District of California. On March 19, 2020, Capriole filed an amended complaint adding a new claim that Uber drivers were not being given paid sick leave in violation of the Massachusetts Earned Sick Time Law, Mass. Gen. Laws ch. 149, § 148C.

On March 20, 2020, the district court denied the pending motion for a preliminary injunction on the ground that Capriole had not made a showing of irreparable harm. Capriole v. Uber Techs., Inc., No. 1:19-cv-11941-IT, 2020 WL 1323076, at *3 (D. Mass. Mar. 20, 2020). It noted that Capriole had put in "no evidence" in support of his claims that drivers will suffer irreparable harm or cannot afford basic necessities. Id. at *2 n.5. As to the claim for public injunctive relief, the district court concluded that the Massachusetts Wage Act did not authorize private plaintiffs to seek public injunctive relief. Id. at *3. Further, the court held that Capriole was not requesting a public injunction because "[r]elief that has the primary purpose or effect of redressing or preventing injury to an individual plaintiff -- or to a group of individuals similarly situated to the plaintiff -- does not constitute public injunctive relief." Id. (quoting McGill, 393 P.3d at 90). Capriole filed a timely notice of appeal on March 30, 2020.

On March 23, 2020, Capriole filed a second motion for preliminary injunction based on his amended complaint. On March 31, the district court granted Uber's motion to transfer the case to the Northern District of California. Capriole v. Uber Techs., Inc., No. 1:19-cv-11941-IT, 2020 WL 1536648, at *1 (D. Mass. Mar. 31, 2020). The district court did not resolve the motion to compel arbitration or the second preliminary injunction motion before the transfer.

The next day, on April 1, 2020, the Northern District of California entered the case on its docket. On May 14, the Northern District of California district court granted Uber's motion to compel arbitration and denied Capriole's second motion for preliminary injunction. Capriole v. Uber Techs., Inc., 460 F. Supp. 3d 919, 934 (N.D. Cal. 2020). On May 24, it dismissed the case and entered final judgment. Capriole appealed the decision of the Northern District of California and the Ninth Circuit heard argument on October 16, 2020.[1]

---

[1] In dismissing the case, the district court held the Arbitration Provision was enforceable because Uber drivers are not "workers engaged in foreign or interstate commerce" under the FAA, that Capriole was not entitled to a public injunction under Massachusetts law, and that under Ninth Circuit precedent the district court did not have the power to grant preliminary injunctive relief to Capriole prior to arbitration. Capriole, 460 F. Supp. 3d at 927, 932-34. Those issues are before the Ninth Circuit.

### III. Analysis

Uber argues that this appeal became moot when the California district court entered final judgment compelling arbitration and dismissing the case. We address the issue of jurisdiction as presented by the parties.

We decide the jurisdictional question of mootness before reaching the merits of a case. Town of Portsmouth v. Lewis, 813 F.3d 54, 58 (1st Cir. 2016). Under the mootness doctrine, "an actual controversy must exist at all stages of the review, not merely at the time the complaint is filed." Id. (quoting Am. Civ. Liberties Union of Mass. v. U.S. Conf. of Cath. Bishops, 705 F.3d 44, 52 (1st Cir. 2013)). "A case is moot when the court cannot give any 'effectual relief' to the potentially prevailing party." Am. Civ. Liberties Union of Mass., 705 F.3d at 52 (quoting Horizon Bank Tr. Co. v. Massachusetts, 391 F.3d 48, 53 (1st Cir. 2004)).

It has long been the law that an appeal from the denial of a preliminary injunction motion becomes moot when final judgment issues because the district court's denial of the motion merges with the final judgment. See Shaffer v. Carter, 252 U.S. 37, 44 (1920) (abrogated on other grounds by Comptroller of Treasury of Md. v. Wynne, 575 U.S. 542 (2015)) (dismissing an appeal from the denial of a preliminary injunction motion because the denial was "merged in the final decree"); Smith v. Ill. Bell Tel. Co., 270 U.S. 587, 588-89 (1926); Harper ex rel. Harper v. Poway Unified

- 8 -

Sch. Dist., 549 U.S. 1262, 1262 (2007); Chaparro-Febus v. Int'l Longshoremen Ass'n, Loc. 1575, 983 F.2d 325, 331 n.5 (1st Cir. 1992) ("Because the district court's denial of the preliminary injunction was 'merged in' the final judgment dismissing the case, plaintiffs' complaints regarding the preliminary injunction are moot.").

We agree with Uber that upon entry of the judgment of dismissal of Capriole's suit, the denial in Massachusetts of the first preliminary injunction merged with the California court's final judgment. As a result, we do not have jurisdiction to hear this appeal.

The arguments to the contrary fail. Capriole first argues that Uber conceded the First Circuit had retained jurisdiction of the appeal after the case was transferred. He cites only one case, Matrix Group Ltd. v. Rawlings Sporting Goods Co., 378 F.3d 29, 32 (1st Cir. 2004), to argue that a court of appeals does not lose jurisdiction over the appeal of a preliminary injunction motion when the underlying case is transferred. Capriole misapplies Matrix Group Ltd., which is easily distinguishable and which concerned an entirely different factual scenario. It was the entry of final judgment, not the transfer, that mooted this appeal.

Capriole next argues that the transfer "severed" the first request for a preliminary injunction and thus that the denial

of the preliminary injunction motion did not merge with the final judgment. But a motion for a preliminary injunction is not a separate claim that can be severed from the underlying claim. See Acevedo-Garci v. Monroig, 351 F.3d 547, 558-59 (1st Cir. 2003) ("A severance occurs when a lawsuit is divided into two or more separate and independent or distinct causes." (quoting 88 C.J.S. Trial § 17 (2003)).

Capriole last argues that his appeal of the denial of his request for a preliminary injunction cannot be moot because there is "still a case and controversy, as Uber drivers in Massachusetts . . . remain misclassified, and effective relief may still be provided upon resolution of the Appeal." This argument fails. The appeal is moot because this court cannot provide relief as to the preliminary injunction motion, not because the underlying dispute has been resolved.

The final judgment in California means that the arbitrator, not us or another court, is to decide any claim for relief in this case unless and only if the Ninth Circuit reverses.

## IV. Conclusion

The appeal is dismissed for lack of jurisdiction.

- 10 -