# United States Court of Appeals
## For the First Circuit

No. 23-1940

JOSÉ A. RAMOS-RAMOS; ORLANDO MÉNDEZ-LÓPEZ; IGNERIS A. PÉREZ-ROSARIO; JOSÉ COTTO-MELÉNDEZ,

Plaintiffs, Appellants,

v.

ZAYIRA JORDÁN-CONDE, in her official capacity as President of the University of Puerto Rico;* SINDICATO DE TRABAJADORES DE LA UNIVERSIDAD DE PUERTO RICO,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gina R. Méndez-Miró, U.S. District Judge]

Before

Barron, Chief Judge,
Thompson and Aframe, Circuit Judges.

Matthew B. Gilliam, with whom Milton L. Chappell, Ángel J. Valencia, and National Right to Work Legal Defense Foundation, Inc. were on brief, for appellants.

Edgar Hernández-Sánchez, with whom Cancio, Nadal & Rivera, LLC was on brief, for appellee Zayira Jordán-Conde.

Jorge L. Marchand Heredia for appellee Sindicato de Trabajadores de la Universidad de Puerto Rico.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Zayira Jordán-Conde is substituted for the former president of the University of Puerto Rico.

March 25, 2026

**AFRAME**, **Circuit Judge**.  For almost four decades, Abood v. Detroit Board of Education, 431 U.S. 209, 224-26 (1977), allowed public employers and public sector unions to collect certain dues from member and non-member employees alike.  But Janus v. American Federation of State, County, & Municipal Employees, Council 31, 585 U.S. 878, 884-86, 930 (2018), overruled Abood and held that laws requiring public sector employees to pay union dues without their consent constitute compelled speech and association in violation of the First Amendment to the United States Constitution.

After Janus, four employees at the University of Puerto Rico ("UPR") demanded that UPR and the union representing them, the Sindicato de Trabajadores de la Universidad de Puerto Rico ("the Union"), stop deducting dues from their paychecks, thus effectively resigning from the Union.  When UPR continued deducting the dues, the employees sued the Union and the UPR president alleging, inter alia, a First Amendment violation.

The district court largely granted summary judgment for the UPR president and the Union, concluding that neither party committed a constitutional violation.  It nevertheless issued a judgment requiring the Union to reimburse the employees for the withheld dues payments that occurred after the employees resigned from the Union.  On appeal, the employees ask this Court to reverse the summary judgment ruling and order the district court to issue declaratory judgments that (1) the post-resignation dues

deductions were unconstitutional and (2) taking such deductions in the future would be unconstitutional.  We dismiss the appeal because the declarations sought are moot.

**I.**

Since the 1950s, the Union has been the exclusive bargaining representative for employees at UPR, which is an "arm of the Commonwealth," Irizarry-Mora v. Univ. of P.R., 647 F.3d 9, 15 (1st Cir. 2011).  In December 2014, the Union and UPR signed a collective bargaining agreement that compelled Union membership for most UPR employees and permitted payroll dues deductions for members and non-members alike.  To effectuate this agreement, UPR deducted dues from employees' paychecks and forwarded them to the Union.

After Janus, two Union members, José A. Ramos-Ramos and Orlando Méndez-López, sent letters to UPR, addressed to the Union president, demanding an end to dues deductions from their paychecks.  Those demands went unfulfilled for almost two years.  In response, Ramos and Méndez sued the UPR president in their official capacity and the Union in federal district court.[1]  As the litigation progressed, two more UPR employees, José Cotto-Meléndez and Igneris A. Pérez-Rosario, notified UPR and the

---

[1]    When the employees initially filed this suit, Jorge Haddock was the UPR president.  Since then, the president has changed several times.  Currently, Zayira Jordán-Conde holds that office.

Union that they too wanted to stop paying dues. Nevertheless, the deductions continued. In response, Cotto and Pérez joined this suit, and the four employees filed an amended complaint.

The amended complaint asserts claims under 42 U.S.C. § 1983 and Puerto Rico law against the UPR president and the Union. In their amended complaint, the employees seek (1) a declaratory judgment that deducting dues from employee paychecks, after their request to end such deductions, was and is unconstitutional or unlawful; (2) an injunction preventing UPR and the Union from deducting dues from nonconsenting employees' paychecks; (3) damages, with interest, for the amounts deducted following their Union resignations; and (4) nominal damages.

While this suit was pending in the district court, UPR and the Union stopped collecting dues from Ramos, Méndez, and Cotto. By this point, approximately two years and ten months had passed since Ramos and Méndez first requested that UPR and the Union stop payroll deductions. Shortly thereafter, Pérez resigned from UPR, at which point UPR and the Union stopped her payroll deductions.

After discovery, the employees sought summary judgment on all claims. They argued that they were entitled to damages for the post-Janus deductions, which they asserted were unconstitutional. They also contended that even though UPR and the Union had stopped deducting dues from their paychecks, their

claims for declaratory and monetary relief remained live under the voluntary cessation doctrine.

The Union opposed the employees' motion, arguing that the employees' requests for prospective relief were moot. The Union did not, however, contend that the post-Janus deductions were lawful. Indeed, in an attachment to their motion in opposition to summary judgment, the Union acknowledged that it had improperly collected dues after the employees asked that deductions end, and it stated that it would return these dues to the employees. The UPR president moved to join the Union's motion in opposition to summary judgment; however, the district court did not grant that motion.

The district court largely denied the employees' motion for summary judgment. It explained that the employees' claims for prospective relief were moot and that the voluntary cessation doctrine did not apply because, though UPR and the Union began automatically collecting dues from non-members when doing so was permissible under Abood, they since had complied "with the [Supreme] Court's unmistakable mandate" in Janus to cease such deductions.

As for the employees' request for damages and other retrospective relief, the district court dismissed the claims premised on a First Amendment violation, reasoning that an "employer's or union's failure to promptly process a member's

- 6 -

resignation notice and terminate the associated dues deductions" does not constitute a First Amendment violation. (Quoting LaSpina v. SEIU Penn. State Council, 985 F.3d 278, 288 (3d Cir. 2021)). Despite that ruling, the court granted in part the employees' motion and ordered that the dues deducted from the employees' pay after the employees' resignations be returned. The court did not, however, award the employees interest on the deducted dues. The court then declined to exercise supplemental jurisdiction over the claims brought under Puerto Rico law.[2]

## II.

The employees "only appeal the [d]istrict [c]ourt's denial of declaratory relief." In particular, the employees ask this Court only to direct the district court "to enter [a] declaratory judgment . . . because the Union and UPR have subjected [them] to the deprivation of their rights . . . guaranteed by the First and Fourteenth Amendments to the Constitution of the United States."

We understand the employees to want two declarations:

---

[2]    There are some seeming irregularities in the district court's summary judgment order. Most prominently, the court rejected each of the employees' claims on the merits and nevertheless entered a monetary judgment in their favor. Cf. Cooper Indus., Inc. v. Leatherman Tool Grp., Inc., 532 U.S. 424, 432 (2001) (explaining that compensatory damages are awarded to redress a "defendant's wrongful conduct"). Though the court described these amounts as "stipulated," the parties never agreed to a settlement. Nevertheless, no party has complained on appeal about this feature of the order.

- 7 -

first, a backward-looking declaration that UPR and the Union violated the Constitution by previously taking unlawful deductions from them; and second, a forward-looking declaration that it would violate the Constitution for UPR and the Union to take similar deductions in the future. We highlight the relief that the employees seek because an appeal can become moot due to "a party's own choices about which issues in a case to appeal." Horizon Bank & Tr. Co. v. Massachusetts, 391 F.3d 48, 53 (1st Cir. 2004) (citing Ashcroft v. Mattis, 431 U.S. 171, 172-73 (1977) (per curiam)). That is the situation here.

## A.

We begin with the employees' request for a retrospective declaration. There is no dispute that UPR and the Union have stopped deducting dues from the employees. So, a backward-looking declaration would serve only to declare that this concluded conduct was unconstitutional. But "a declaratory judgment deeming" UPR's and the Union's "past conduct illegal" is moot because such an order "would be merely advisory." ACLU of Mass. v. U.S. Conf. of Cath. Bishops, 705 F.3d 44, 53 (1st Cir. 2013). Absent an appeal of a "legally cognizable interest," id. at 52 (quoting D.H.L. Assocs., Inc. v. O'Gorman, 199 F.3d 50, 54 (1st Cir. 1999)), "[n]o 'present right' of [the employees is] at stake" that would give rise to a case or controversy, Mattis, 431 U.S. at 172; see Spencer v. Kemna, 523 U.S. 1, 18 (1998) (stating that courts "are not in

- 8 -

the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong").

The employees respond in two ways. First, they argue that their claims are not moot because the Union has not yet paid them the deducted dues as ordered by the district court. To support this argument, they rely on Bais Yaakov of Spring Valley v. ACT, Inc., 12 F.4th 81, 94-95 (1st Cir. 2021), which held that an unconditional offer of funds to settle a case does not moot the case. That argument founders, however, because the employees have received more than the Union's unconditional offer to pay; they possess an unchallenged judgment legally binding the Union to pay them. Adding a judgment declaring that UPR's or the Union's past conduct was unconstitutional would change nothing.

Second, at oral argument, the employees argued that they were seeking not only a declaratory judgment but also nominal damages for the alleged constitutional violation and interest on the deducted dues. The employees, however, have "waived th[ese] request[s] on appeal by not arguing the matter in [their] brief[s]." ACLU of Mass., 705 F.3d at 53 n.7.; see Sparkle Hill, Inc. v. Interstate Mat Corp., 788 F.3d 25, 29-30 (1st Cir. 2015). The employees' appellate briefs do not mention nominal damages, and they mention interest only in summarizing the case's procedural history and describing the complaint. These off-hand references are "unaccompanied by [any] effort at developed argumentation" and

are thus "waived." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Waiver is especially appropriate here because the employees' brief is unequivocal that the employees have "only appeal[ed] the [d]istrict [c]ourt's denial of declaratory relief" and seek only an order directing the district court to provide such relief.

**B.**

The employees' request for a prospective declaration is also moot. A claim for a prospective declaratory judgment will only "withstand a mootness challenge" if "the facts alleged . . . show that there is a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Lowe v. Gagné-Holmes, 126 F.4th 747, 755 (1st Cir. 2025) (citation modified). The employees acknowledge that UPR and the Union have stopped deducting dues from their paychecks. Nevertheless, they argue that their claim for prospective relief remains live because it took almost three years for UPR and the Union to cease taking deductions and because an extant provision of the 2014 collective bargaining agreement allows dues deductions from Union members and non-members alike. These facts, the employees argue, suggest that UPR and the Union have only voluntarily ceased deducting dues and may well continue their conduct following this litigation.

The voluntary cessation doctrine precludes mootness

- 10 -

where a defendant (1) decides, on its own volition, to stop "the challenged practice in order to moot the plaintiff's case" and (2) "'there exists a reasonable expectation that the challenged conduct will be repeated' after the suit's 'dismissal.'" Bos. Bit Labs, Inc. v. Baker, 11 F.4th 3, 9 (1st Cir. 2021) (quoting Town of Portsmouth v. Lewis, 813 F.3d 54, 59 (1st Cir. 2016)). The doctrine exists "to avoid a manipulative litigant immunizing itself from suit indefinitely, altering its behavior long enough to secure a dismissal and then reinstating it immediately after." ACLU of Mass., 705 F.3d at 54-55. The parties claiming mootness -- here, the UPR president and the Union -- bear the "formidable burden" of showing that the voluntary cessation doctrine should not apply to preclude mootness. Id. at 55 (quoting Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 190 (2000)). A party will have a "strong[]" claim for mootness, and against voluntary cessation, when it "ceases [its conduct] because of a new statute or a ruling in a completely different case." Hartnett v. Penn. State Educ. Ass'n, 963 F.3d 301, 307 (3d Cir. 2020).

Our review of the record convinces us that Janus, rather than legal gamesmanship, best explains UPR's and the Union's change in conduct. While Abood remained good law, UPR and the Union "had every reason to believe" that they could collect union dues from all UPR employees, including union non-members. Hartnett, 963

- 11 -

F.3d at 307. Following Janus, they have stopped deducting dues from the employees. Further, in the Union's motion opposing summary judgment, the Union admitted that the post-Janus deductions must be returned to the employees; acknowledged that further dues collection is not allowed under Janus; and explained that it had instituted policies to ensure that UPR employees affirmatively consent to Union membership before asking for any dues payment, thereby bringing its dues collection practices in line with Janus. UPR has endorsed these statements and actions by moving to join the Union's motion in opposition to summary judgment.

An admission of error is not always necessary to conclude that a claim is moot based on changed conduct. See ACLU of Mass., 705 F.3d at 55 n.9. Here, however, the presence of such admissions is crucial to our mootness conclusion for the requested prospective declaration. Indeed, UPR's and the Union's acknowledgment is what distinguishes this case from another post-Janus case, which allowed a similar claim to proceed under the voluntary cessation doctrine because there, unlike here, the defendants refused to "concede[] error." Road-Con, Inc. v. City of Philadelphia, 120 F.4th 346, 357 (3d Cir. 2024). In our view, the parties' admissions and changes in policy to avoid future Janus breaches show that UPR and the Union stopped deducting dues for "non-litigation reason[s]." Lowe, 126 F.4th at 758.

Contrary to the employees' suggestion, we do not believe that UPR and the Union are likely to begin deducting dues from the employees again simply because there still exists a provision in the collective bargaining agreement that permits them to do so. "[T]he mere presence of language in contracts causes no harm" where, as here, there has been no showing of a recent attempt to enforce those provisions. Hartnett, 963 F.3d at 307. Moreover, while it took some time for UPR and the Union to stop deducting the employees' dues, we do not see why that delay suggests that they will restart dues collection from the employees, especially given their acknowledgement that their past conduct was wrong and their implementation of a new policy designed to comply with the post-Janus regime.

There is nothing to be gained from a declaration stating what UPR and the Union already agree is the law. Accordingly, the employees' request for a forward-looking judgment declaring unconstitutional UPR's and the Union's collection of their dues is moot.[3]

---

[3]    The UPR president contests the district court's judgment on two other grounds. Neither alters our decision. First, she asserts that UPR, as a distinct entity from the UPR president, was a necessary party to this suit because only the University can provide the employees with complete relief. See Fed. R. Civ. P. 19(a). As an arm of the Commonwealth, UPR enjoys immunity from suit in federal court under the Eleventh Amendment. Irizarry-Mora v. Univ. of P.R., 647 F.3d 9, 10-11, 17 (1st Cir. 2011). Nevertheless, the doctrine of Ex parte Young, 209 U.S. 123 (1908), permits a party to sue a Commonwealth official in their official capacity to prevent them from "enforcing [Puerto Rico] law in a

## III.

For the reasons discussed, we **dismiss** this appeal as moot.

---

way that violates federal law." Cotto v. Campbell, 126 F.4th 761, 767 (1st Cir. 2025). That is what the employees have done by suing the UPR president.

Second, the UPR president argues that the automatic stay provisions under the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), see 48 U.S.C. § 2161(a) (incorporating 11 U.S.C. §§ 362 and 922), should apply to this case. PROMESA's automatic stay provisions void a judgment resulting from a suit that should have been stayed, even if a court did not treat the case as stayed. See HealthproMed Found., Inc. v. Dep't of Health & Hum. Servs., 982 F.3d 15, 19 (1st Cir. 2020). It is not clear that any funds or property of the Commonwealth is at issue in this case given that the parties acknowledge that only the Union owes the employees their deducted dues. Whether the automatic stay provision applies to a suit such as this one, assuming the employees seek only non-monetary equitable and declaratory relief from an officer of an arm of the Commonwealth, is an unsettled question that we need not resolve here. Because the appeal is moot and because imposing an automatic stay would benefit UPR, which in any event has prevailed, we bypass the issue. See Díaz-Báez v. Alicea-Vasallo, 22 F.4th 11, 17 n.3 (1st Cir. 2021).