22-2439-cv
*Scheff v. Banks*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of July, two thousand twenty-three.

PRESENT:
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

Chani Scheff, individually and as Parent and Natural Guardian of A.S.,

> *Plaintiff-Appellant*,

v.                                                              22-2439-cv

David C. Banks, in his official capacity as the Chancellor of New York City Department of Education, and New York City Department of Education,

> *Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT:                     RORY J. BELLANTONI (Ashleigh C. Rousseau, *on the briefs*), Brain Injury Rights Group, New York, NY.

FOR DEFENDANTS-APPELLEES:                     LORENZO DI SILVIO (Richard

Dearing and Claude S. Platton, *on the brief*) *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** as moot.

Plaintiff-appellant Chani Scheff, the parent of A.S., a student with a disability currently enrolled at a specialized private school, the International Institute for the Brain ("iBRAIN"), brought this lawsuit in September 2022 seeking payment for tuition and related services pursuant to a pendency order issued under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and N.Y. Educ. Law § 4404(4)(a). Scheff now appeals from the October 3, 2022 order of the district court, denying her motion for a preliminary injunction and temporary restraining order under the "stay-put" provision of the IDEA, which requires school districts to ensure that an affected child remains in their "then-current educational placement," at public expense, "during the pendency of any proceedings" initiated by a parent. 20 U.S.C. § 1415(j); *Ventura de Paulino v. New York City Dep't of Educ.*, 959 F.3d 519, 526 (2d Cir. 2020). That motion sought an order directing defendants David C. Banks, in his official capacity as Chancellor of the New York City Department of Education, and the New York City Department of Education (collectively, "the City"), to immediately pay for A.S.'s tuition and related services at iBRAIN for the 2022–2023 school year during the pendency of Scheff's administrative and judicial challenges to the adequacy of A.S.'s public educational placement. Scheff's motion was based on a first-

2

level administrative ruling by an Impartial Hearing Officer ("IHO") directing the City to pay for A.S.'s schooling at iBRAIN as a matter of pendency. Subsequent to this appeal being noticed, that ruling was overturned by a State Review Officer ("SRO").

In this appeal challenging the denial of the preliminary injunction, Scheff asserts that the district court erred in concluding that: (1) Scheff was not entitled to an "automatic injunction" directing payment under the IDEA's stay-put provision and (2) Scheff failed to meet the irreparable harm requirement under the traditional preliminary injunction standard.

On June 27, 2023, while this appeal was pending, the district court issued an opinion and order denying Scheff's motion for summary judgment and granting the City's cross-motion. Specifically, the district court held that: (1) iBRAIN was not A.S.'s public pendency placement for the 2022–2023 school year and thereby affirmed the SRO on that issue; and (2) Scheff failed to demonstrate a violation of the stay-put provision and an entitlement to a pendency order requiring the City to pay for iBRAIN's services and thus was not entitled to retroactive reimbursement for A.S.'s expenses at iBRAIN for the 2022–2023 school year. *See Scheff v. New York City Dep't of Educ.*, No. 22 Civ. 7579, 2023 WL 4211117, at *8–10 (S.D.N.Y. June 27, 2023). With respect to A.S.'s pendency placement for the upcoming 2023–2024 school year, the district court noted that, at a conference, "the parties agreed that, if the Court affirmed the SRO, Scheff may choose either to: (1) keep A.S. enrolled at iBRAIN at her own expense; or (2) pursue public pendency programming, and ask the City for a placement pursuant to the December 2020 [Individualized Education Program], which the City will promptly provide." *Id.* at *10. Thus, although the district court concluded that the decision resolved all claims raised by Scheff, "[f]or avoidance of doubt, the Court order[ed] the parties to confirm . . . [by] June 30, 2023, whether any

3

outstanding issues require disposition by the Court." *Id.* On June 30, 2023, the parties confirmed in a joint letter to the district court indicating "that there are no outstanding issues that require disposition by the Court." Dist. Ct. ECF Dkt. No. 58. Accordingly, on July 5, 2023, the district court entered final judgment in favor of the City. Two days later, Scheff filed a notice of appeal from the final judgment.

The City argues that the district court's grant of summary judgment to the City on Scheff's claims rendered moot this interlocutory appeal from the denial of the motion for a preliminary injunction. We agree.

An appeal becomes moot "when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant." *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (per curiam) (internal quotation marks omitted). Scheff's preliminary injunction motion sought to have the district court order the City "to implement the [IHO's] Pendency Orders . . . which direct the [City] to fund A.S.'[s] placement at [iBRAIN] for the 2022-23 school year." Dist. Ct. ECF Dkt. No. 4 at 1–2. In granting summary judgment to the City on Scheff's claims, the district court determined that Scheff is not entitled to implementation of the IHO's (now reversed) pendency order for iBRAIN and is not entitled to any reimbursement for expenses at iBRAIN. *Scheff*, 2023 WL 4211117, at *8–10. It also rejected Scheff's argument that the IHO pendency order was immediately enforceable because the City did not seek a stay of that order while it sought administrative appeal. *Id.* at *9 & n.7. Therefore, because summary judgment has been granted to the City on the claims that form the basis for the appeal of the denial of the motion for a preliminary injunction, interim injunctive relief to compel payment for tuition and related services in the 2022–2023 school year is no longer an available remedy. *See Ruby v. Pan Am.*

4

*World Airways, Inc.*, 360 F.2d 691, 691–92 (2d Cir. 1966) (per curiam); *see also, e.g.*, *Harper ex rel. Harper v. Poway Unified Sch. Dist.*, 549 U.S. 1262, 1262 (2007) (granting petition for writ of *certiorari*, then remanding with instructions to dismiss as moot an appeal of a denial of a motion for preliminary injunction because district court had, in the interim, entered final judgment dismissing claims); *Weisshaus v. Hochul*, No. 21-64-cv, 2022 WL 17256755, at *1 n.2 (2d Cir. Nov. 29, 2022) (summary order) ("[Plaintiff's] appeal of the district court's denial of the preliminary injunction is also moot for the independent reason that the district court has dismissed [plaintiff's] complaint on the merits.")

Moreover, because a final judgment has been entered, the denial of a preliminary injunction motion has merged into the final judgment dismissing the claims. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 192 (2d Cir. 1999) ("When a district court enters a final judgment in a case, interlocutory orders rendered in the case typically merge with the judgment for purposes of appellate review."); *Shaffer v. Carter*, 252 U.S. 37, 44 (1920) (dismissing an appeal from the denial of a preliminary injunction motion because the denial was "merged in the final decree"), *abrogated on other grounds by Comptroller of Treasury of Md. v. Wynne*, 575 U.S. 542 (2015); *see also Capriole v. Uber Technologies, Inc.*, 991 F.3d 339, 343 (1st Cir. 2021) (collecting cases, and noting that "[i]t has long been the law that an appeal from the denial of a preliminary injunction motion becomes moot when final judgment issues because the district court's denial of the motion merges with the final judgment . . . . As a result, we do not have jurisdiction to hear this appeal."); *Hankins v. Temple Univ. (Health Scis. Ctr.)*, 829 F.2d 437, 438 n.1 (3d Cir. 1987) ("[Plaintiff's] interlocutory appeal from the denial of her motion for a preliminary injunction was rendered moot by the issuance of the district court's final order on the merits."). Thus, the dismissal of this appeal

on mootness grounds does not impact Scheff's separate appeal challenging the final judgment of the district court dismissing her claims on the merits.

To the extent that Scheff suggests in a post-argument letter that we should consolidate this appeal with the pending appeal challenging the final judgment, we find no basis to do so. All the legal issues raised in the preliminary injunction motion can be fully litigated by Scheff in the appeal from the final judgment because, as noted above, the denial of the preliminary injunction has merged with the final judgment for the purpose of appellate review. In other words, there is nothing left in this appeal to consolidate.

\*                             \*                             \*

For the foregoing reasons, we **DISMISS** the appeal of the denial of the motion for a preliminary injunction as moot. However, because we are thoroughly familiar with the legal issues surrounding the appeal from the final judgment, we direct the Clerk of the Court to assign that appeal to this same panel for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court