NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1839
_____

UNITED STATES OF AMERICA

v.

DEVON WILLIAMS,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 3-14-cr-00244-001)
District Judge:  Honorable James M. Munley
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 5, 2016

Before:  FISHER, RENDELL and BARRY, *Circuit Judges*.

(Filed: April 13, 2016)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Devon Williams pleaded guilty in the United States District Court for the Middle District of Pennsylvania to a one-count indictment for mailing a threatening communication in violation of 18 U.S.C. § 876(c). He was sentenced to 48 months' imprisonment, 18 months above the high-end of the applicable guideline range under the United States Sentencing Guidelines. Williams appealed, and defense counsel moved to withdraw his representation under *Anders v. California*, 386 U.S. 738 (1967). We will affirm the District Court and grant defense counsel's motion to withdraw.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

Williams was sentenced to 48 months' incarceration for mailing a threatening and graphic letter to a Monroe County Court of Common Pleas judge. At the time the letter was sent, Williams was incarcerated at the State Correctional Facility in Albion, Pennsylvania for a state conviction for discharging a firearm in an occupied structure. The letter was traced back to Williams, and he admitted to sending it.

Based on this admission and other evidence linking Williams to the letter, Williams was indicted and later pleaded guilty without a plea agreement. Prior to his plea hearing, Williams signed a "Statement of Defendant" indicating that he understood the consequences of pleading guilty, including the possibility of a five-year maximum

sentence. This statement was acknowledged at the plea hearing that followed, and the District Court conducted a thorough plea colloquy.

After the plea hearing, a presentence investigation report (PSR) was completed by the United States Probation Office. An addendum, however, was added to that PSR—removing a two level reduction for acceptance of responsibility—because Williams had attacked a fellow inmate while awaiting sentencing. No objections to the PSR were filed. Williams did, however, file a sentencing memorandum requesting a two-month downward variance.

At sentencing, the Government moved for an upward variance or for a sentence at the top of the guideline range. The District Court considered that motion and Williams's sentencing memorandum and corresponding motion. The District Court granted the Government's motion after a review of the 18 U.S.C. § 3553(a) sentencing factors. Approval of that motion resulted in a sentence of 48 months' incarceration, 18 months above the high-end of the guideline range of 24 to 30 months.

Williams timely appealed his sentence. Defense counsel determined that the appeal was frivolous and requested permission to withdraw under *Anders*. Williams did not file a *pro se* brief in response. The Government filed an untimely brief and an unopposed motion to file its brief out of time.

## II.[1]

If, after a thorough examination of the record, court-appointed defense counsel determines that an appeal would be "wholly frivolous," then "he should so advise the court[,] request permission to withdraw," and submit a brief in support of that request, identifying any issues "that might arguably support the appeal."[2]

Once counsel has filed an *Anders* motion and submitted a brief, it is our role to decide whether the appeal before us is wholly frivolous. Our inquiry is twofold, considering (1) "whether counsel adequately fulfilled [Local Appellate Rule 109.2(a)'s] requirements;" and, (2) "whether an independent review of the record presents any nonfrivolous issues."[3]

## A.

Under the first prong of a Rule 109.2(a) inquiry, counsel must present sufficient information "to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and . . . to explain why the issues are frivolous."[4] After reviewing the record, we conclude that counsel has satisfied these requirements.

Although counsel need not raise and reject every possible claim, he must "provide[] sufficient indicia that he thoroughly searched the record and the law in service

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and this Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] *Anders*, 386 U.S. at 744.

[3] *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

[4] *Id.*

of his client so that we might confidently consider only those objections raised."[5] In his brief, counsel identified four possible issues for appeal and submitted a review of the law and an appendix with the salient portions of the record. Such a compilation demonstrates that counsel thoroughly searched the record and the law in service of his client. Furthermore, counsel has set forth in his brief why the four issues raised are frivolous.

B.

Having satisfied the first prong, our next inquiry requires an "independent review" of the record to determine whether Williams's appeal presents any non-frivolous issues for review.[6] Where—as in this case—"the *Anders* brief initially appears adequate on its face," we scrutinize only the issues and portions of the record identified by the *Anders* brief itself.[7] "An appeal on a matter of law is frivolous where [none] of the legal points [are] arguable on their merits."[8]

We agree with defense counsel that the four appealable issues identified in his *Anders* brief lack any non-frivolous basis. First, we find that the District Court properly exercised jurisdiction under 18 U.S.C. § 3231. Williams's conduct occurred within the Middle District of Pennsylvania, and mailing a threatening communication is a federal offense. An appeal based on this issue has no merit.

---

[5] *Id.* at 301 (internal quotation marks omitted).
[6] *Id.* at 300.
[7] *Id.* at 301.
[8] *Id.* (internal quotation marks omitted).

Second, after a review of the District Court's colloquy and the Statement of the Defendant, we agree that the District Court fulfilled the requirements of Federal Rule of Criminal Procedure 11. The District Court established that Williams understood the consequences of waiving his constitutional rights and that Williams was knowingly and voluntarily pleading guilty.[9] An appeal based on the plea's invalidity has no merit.

We also agree with defense counsel that the District Court fully complied with Federal Rule of Criminal Procedure 32 and that Williams's sentence was both procedurally and substantively reasonable. For procedural compliance, the District Court was tasked with a three-step process: (1) correctly calculate the advisory guideline range, (2) rule on departure motions, and (3) evaluate the 18 U.S.C. § 3553(a) factors and explain the chosen sentence.[10] Substantively, a sentence is reasonable if "the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)."[11]

The District Court fulfilled these requirements. It correctly: (1) calculated the guideline range to be 24 to 30 months' imprisonment, without acceptance of responsibility;[12] (2) did not consider departure motions as there were none; and (3) reviewed the § 3553(a) factors—along with the parties' requests—and determined that,

---

[9] *See United States v. Schweitzer*, 454 F.3d 197, 202–203 (3d Cir. 2006).

[10] *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

[11] *Schweitzer*, 454 F.3d at 204 (internal quotation marks omitted).

[12] *United States v. Ceccarini*, 98 F.3d 126, 130 (3d Cir. 1996) (sentencing court may consider a defendant's "unrelated pre-sentencing conduct" to deny a reduction for acceptance of responsibility).

despite certain factors in Williams's favor, Williams's history of violence coupled with the threatening and graphic nature of the letter required a higher sentence. Accordingly, any procedural or substantive sentencing argument would be frivolous.

Finally, we agree with defense counsel that the record is insufficient to review a claim that trial counsel was insufficient.[13] Consequently, we find nothing in the record to support a non-frivolous appeal.

III.

For the reasons set forth above, we will affirm the order of the District Court and grant defense counsel's request to withdraw. The Government's unopposed motion to file a brief out of time is granted.[14]

---

[13] We generally do not entertain a claim of ineffective assistance of counsel on direct appeal because an assessment of counsel's conduct requires a developed record. *Gov't of Virgin Islands v. Vanterpool*, 767 F.3d 157, 163 (3d Cir. 2014).

[14] *See* L.A.R. 31.4.