# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2023

Lyle W. Cayce
Clerk

————————

No. 22-50971

————————

Sachindra Kanna Koppula; Sindhu Penugonda,

*Plaintiffs—Appellants*,

*versus*

Ur M. Jaddou, *Director of U.S. Citizenship and Immigration Services*;
Antony Blinken, *Secretary, U.S. Department of State*,

*Defendants—Appellees*.

————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CV-844

————————————————————————

Before Elrod, Ho, and Wilson, *Circuit Judges*.

James C. Ho, *Circuit Judge*:

This is an appeal from the denial of a preliminary injunction. *Koppula v. Jaddou*, No. 1:22-CV-844-RP, 2022 WL 18034367 (W.D. Tex. Nov. 2, 2022). While this appeal was pending, the district court subsequently dismissed Plaintiffs' claims. *Koppula v. Jaddou*, No. 1:22-CV-844-RP, 2023 WL 3470904 (W.D. Tex. May 15, 2023). Accordingly, we must dismiss this appeal as moot. After all, there is no need for a preliminary injunction to preserve the status quo during the pendency of trial court proceedings that are now over.

No. 22-50971

A denial of permanent relief moots the appeal from a denial of preliminary relief. We have previously affirmed this principle in an unpublished opinion. *See Wagner v. Campuzano*, 548 F. App'x 133, 134 (5th Cir. 2013) ("[D]uring the pendency of [Plaintiff's] appeal, the district court entered a final judgment dismissing [Plaintiff's] . . . complaint . . . . Accordingly, the instant appeal, which challenges only the denial of preliminary injunctive relief, is dismissed for lack of jurisdiction as moot."). Our sister circuit has likewise held "that an appeal from the denial of a preliminary injunction motion becomes moot when final judgment issues because the district court's denial of the motion merges with the final judgment." *Capriole v. Uber Technologies, Inc.*, 991 F.3d 339, 343 (1st Cir. 2021).

The Supreme Court reached this same conclusion over a century ago. It explained that, when a district court denies preliminary injunctive relief and then dismisses the case, the losing party can only appeal the dismissal:

> An application for an interlocutory injunction . . . was denied . . . . The decree . . . dismissed the action. Plaintiff . . . appealed . . . from the refusal of the temporary injunction. Shortly afterwards he took an appeal . . . from the . . . final decree dismissing the action. The latter appeal is in accord with correct practice, since the denial of the interlocutory application was merged in the final decree. The first appeal . . . will be dismissed.

*Shaffer v. Carter*, 252 U.S. 37, 44 (1920). *See also Pacific Telephone & Telegraph Co. v. Kuykendall*, 265 U.S. 196, 198, 205 (1924) ("After the denial of the temporary injunction, the District Judge heard the case on a motion to dismiss . . . and granted the motion . . . . [T]he appeal from the interlocutory decree . . . was merged in the appeal from the final decree . . . and therefore should be dismissed.").

The Court recently restated this conclusion in terms of mootness:

2

[Plaintiff] seeks review of the judgment . . . affirm[ing] the district court's denial of [Plaintiff's] motion for a preliminary injunction. The district court . . . has now entered final judgment dismissing [Plaintiff's] claims . . . . We have previously dismissed interlocutory appeals from the denials of motions for temporary injunctions once final judgment has been entered. . . . [T]he case is remanded . . . with instructions to dismiss the appeal as moot.

*Harper ex rel. Harper v. Poway Unified School District*, 549 U.S. 1262, 1262 (2007) (citing *Pacific Telephone*, 265 U.S. at 205–6, and *Shaffer*, 252 U.S. at 44).

In accordance with these precedents, we dismiss this appeal as moot.