# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2023

Lyle W. Cayce
Clerk

————————

No. 22-50413

————————

Samuel San Miguel,

*Plaintiff—Appellant*,

*versus*

Greg Abbott, *Texas Governor*; Marsha McLane, *Texas Civil Commitment Center Office, Executive Director*; Michael Searcy, *Texas Civil Commitment Center Office, Operation Spec.*; Jessica Marsh, *Texas Civil Commitment Center Office, Deputy Director*; Wellpath Recovery Solutions; Management Training Corporation,

*Defendants—Appellees*.

————————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:21-CV-566

————————————————————————————

Before Duncan and Wilson, *Circuit Judges*, and Schroeder, *District Judge*.[*]

Per Curiam:[†]

———————————————————

[*] District Judge of the Eastern District of Texas, sitting by designation.

[†] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50413

Plaintiff-Appellant Samuel San Miguel, proceeding *pro se* and *in forma pauperis*, appeals the district court's grant of motions to dismiss filed by Defendants-Appellees Greg Abbott, Marsha McLane, Michael Searcy, Jessica Marsh, Wellpath Recovery Solutions, and Management Training Corporation (collectively, "Defendants"). San Miguel also appeals the district court's orders denying his motion for preliminary injunction and his motion to alter or amend the judgment.

## I.

In 2002, San Miguel pled guilty to two counts of aggravated sexual assault of a child and was sentenced to thirteen years in prison. Near the end of San Miguel's imprisonment, the State of Texas filed a petition to have him civilly committed as a sexually violent predator ("SVP") under the Texas Sexually Violent Predator Act ("SVPA"). *See* Tex. Health & Safety Code §§ 841.001–.153.[1] Following a jury trial, San Miguel was civilly committed under the SVPA.

In 2021, San Miguel sued Defendants under 42 U.S.C. § 1983, alleging that the SVPA is so punitive that it constitutes a criminal—rather than civil—statute, which violates his constitutional rights. Defendants subsequently moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). San Miguel moved for a preliminary injunction. The district court granted Defendants' motions and dismissed San Miguel's complaint with prejudice pursuant to Rule 12(b)(6), explaining that San Miguel failed to "allege that there are no circumstances under which the SVPA would be valid, and the Texas state courts have found both the original

---

[1] The SVPA permits the civil commitment of SVPs who have committed multiple sexually violent offenses and are found to suffer from behavioral abnormalities that make them likely to commit additional sexually violent offenses. Tex. Health & Safety Code §§ 841.001, .003(a).

and amended SVPAs to be non-punitive." It also denied San Miguel's motion for preliminary injunction as he could not "show he is substantially likely to succeed on the merits." San Miguel then filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The district court denied this motion too, and San Miguel timely appealed.

## II.

We review *de novo* a district court's grant of a Rule 12(b)(6) motion to dismiss, accepting well-pled facts as true and viewing those facts in the light most favorable to the plaintiff. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation and citation omitted). We construe a *pro se* litigant's brief liberally, but the litigant "must still brief the issues and reasonably comply with the standards" outlined in Federal Rule of Appellate Procedure 28. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam).

## III.

On appeal, San Miguel contends that the district court erred in (1) granting Defendants' motions to dismiss, (2) denying his motion for preliminary injunction, and (3) denying his Rule 59(e) motion. At the threshold, we note that San Miguel's brief fails to comply with Rule 28 by failing to include a jurisdictional statement or a summary of the argument identifying the district court's purported errors. *See* FED. R. APP. P. 28(a)(4), (7). Nonetheless, we have "considered a *pro se* appellant's brief despite its technical noncompliance with the Rules of Civil Procedure when it at least argued *some* error on the part of the district court." *Grant*, 59 F.3d at 524–25. Construed liberally, we understand San Miguel's brief to contend, with respect to Defendants' motions to dismiss and his motion for

preliminary injunction, that the district court erred by failing to consider certain arguments, case law, and legislative history. As such, we will consider San Miguel's brief to the extent it bears on the district court's disposition of those motions.[2] *Id.*

We specifically consider San Miguel's argument that the district court erred in granting Defendants' motions to dismiss and that the SVPA is a criminal statute that violates his constitutional rights. San Miguel contends that this challenge to the SVPA is not facial. However, "to categorize a challenge as facial or as-applied we look to see whether the 'claim and the relief that would follow . . . reach beyond the particular circumstances of the [] plaintiff[].'" *Cath. Leadership Coal. of Tex. v. Reisman*, 764 F.3d 409, 426 (5th Cir. 2014) (first alteration in original) (quoting *Doe v. Reed*, 561 U.S. 186, 194 (2010)). Because his requested relief extends beyond his own circumstances and would invalidate the SVPA in its entirety, we conclude that San Miguel lodges a facial challenge. *Id.*

To sustain a facial constitutional challenge to a statute, "the challenger must establish that no set of circumstances exists under which the [law] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). San Miguel, however, has not properly alleged that there is *no* set of circumstances in which the SVPA would be valid. For this reason, we conclude he fails adequately to allege a facial challenge to the SVPA, and that

---

[2] San Miguel "fails to advance arguments in the body of [his] brief in support of" his contention that the district court erred in failing to grant his Rule 59(e) motion. *See Justiss Oil Co. v. Kerr-McGee Refin. Corp.*, 75 F.3d 1057, 1067 (5th Cir. 1996). Accordingly, "we consider [this] issue[] abandoned" and decline to consider its merits. *Id.*; *see also Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument . . . by failing to adequately brief the argument on appeal.").

the district court did not err in granting Defendants' motions to dismiss.[3] *See Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 662–63 (5th Cir. 2006).

Separately, in the light of the district court's judgment denying permanent injunctive relief, as well as our affirmance of the district court's Rule 12(b)(6) dismissal of San Miguel's claims, we conclude that San Miguel's appeal of his motion for preliminary injunction is moot. *See Koppula v. Jaddou*, 72 F.4th 83, 84 (5th Cir. 2023) ("[T]here is no need for a preliminary injunction to preserve the status quo during the pendency of trial court proceedings that are now over," as a "denial of permanent relief moots the appeal from a denial of preliminary relief."); *see also La. World Exposition, Inc. v. Logue*, 746 F.2d 1033, 1037–38 (5th Cir. 1984) (citing *Payne v. Fite*, 184 F.2d 977, 978 (5th Cir. 1950)).

AFFIRMED in part; DISMISSED in part as moot.

---

[3] To the extent San Miguel challenges the SVPA as applied based on his conditions of confinement, we conclude that he has forfeited this argument by failing to address the district court's conclusion that our precedent in *Brown v. Taylor*, 911 F.3d 235, 243–44 (5th Cir. 2018) (per curiam), precludes such a challenge. *See Rollins*, 8 F.4th at 397; *see also Washington v. Scott*, 786 F. App'x 483, 485 (5th Cir. 2019) (per curiam) (collecting cases and holding that a pro se appellant "waived his ability to challenge" a district court's decision by "not address[ing] the basis of the . . . decision").