# United States Court of Appeals
# for the Fifth Circuit

——————————

No. 23-50399

——————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2024

Lyle W. Cayce
Clerk

Sachindra Kanna Koppula; Sindhu Penugonda,

*Plaintiffs—Appellants*,

*versus*

Ur M. Jaddou, *Director of U.S. Citizenship and Immigration Services*;
Antony Blinken, *Secretary, U.S. Department of State*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CV-844

———————————————————————

Before Elrod, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Sachindra Kanna Koppula and Sindhu Penugonda, both Indian nationals, are a married couple living lawfully in the United States under nonimmigrant temporary worker visas. The Koppulas seek lawful permanent resident status, colloquially known as a Green Card. Sachindra is the beneficiary of approved I-140 immigrant petitions in the EB2 and EB3

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

preference categories chargeable to India, both with a priority date of September 12, 2013. Sindhu is the derivative beneficiary of Sachindra's I-140 petitions as his spouse.

In September 2021, the Koppulas filed an I-485 adjustment of status application with U.S. Citizenship and Immigration Services ("USCIS"), electing to proceed under the EB2 category. Accordingly, they were subject to the India EB2 cutoff date announced in a monthly Visa Bulletin published by the State Department ("DOS"). As of September 1, 2022, that cutoff date was December 1, 2014, making the Koppulas' applications current. As of October 1, 2022, however, DOS retrogressed the cutoff date to April 1, 2012, causing the Koppulas to lose their current status.

The Koppulas sued USCIS Director Ur Jaddou and Secretary of State Antony Blinken (collectively, "Defendants") in the Western District of Texas. They claimed their I-485 applications were unlawfully withheld and unreasonably delayed in violation of the Administrative Procedure Act ("APA"). The district court granted Defendants' motion to dismiss, and the Koppulas appealed.[1]

In *Cheejati v. Blinken*, a panel of our Court recently held that 8 U.S.C. § 1252(a)(2)(B)(ii) "prevents us from hearing a challenge to DOS's and USCIS's retrogression hold policies, as they are actions undertaken by the Attorney General and expressly left to his discretion under § 1255(a)." 106 F.4th 388, 397 (5th Cir. 2024), *revising* 97 F.4th 988 (5th Cir. 2024). *Cheejati* is a published decision we are bound to follow. *See, e.g.*,

---

[1] Shortly after filing their amended complaint, the Koppulas moved for a preliminary injunction. The district court denied that motion, and the Koppulas appealed. While their appeal was pending, the district court granted Defendants' motion to dismiss. So, a panel of this Court dismissed the Koppulas' appeal of the denial of a preliminary injunction as moot. *Koppula v. Jaddou*, 72 F.4th 83, 84 (5th Cir. 2023).

No. 23-50399

*Mercado v. Lynch*, 823 F.3d 276, 279 (5th Cir. 2016) ("Under our rule of orderliness, one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court." (quotation omitted)). Accordingly, the district court's decision is AFFIRMED.[2]

---

[2] Even assuming we had jurisdiction, however, *Cheejati* would require dismissal of the Koppulas' APA claims on the merits. Specifically, the Koppulas "have identified no unequivocal mandate with which USCIS has failed to comply," and they "have not sufficiently alleged that any binding authority requires USCIS to adjudicate applications for adjustment of status differently than it is currently adjudicating them." 2024 WL 3314339, at *6.

No. 23-50399

Jennifer Walker Elrod, *Circuit Judge*, concurring:

As the majority correctly acknowledges, under our circuit's rule of orderliness, we are bound by *Cheejati v. Blinken*, --- F.4th ----, 2024 WL 3314339 (5th Cir. Apr. 9, 2024), *revising* 97 F.4th 988 (5th Cir. 2024). *See Mercado v. Lynch*, 823 F.3d 276, 279 (5th Cir. 2016) (explaining our rule of orderliness). Supreme Court precedent cautions against the broad application of jurisdictional bars. *See, e.g.*, *Kucana v. Holder*, 558 U.S. 233, 251 (2010) ("[T]he presumption favoring interpretations of statutes [to] allow judicial review of administrative action is well-settled." (internal quotation omitted) (second alteration in original)). Thus, were we the first panel to address this question, I would hold that there is jurisdiction and, as *Cheejati* held in the alternative, that Koppula and Penugonda have failed to state a claim under 5 U.S.C. § 706. *See Cheejati*, 2024 WL 3314339 at *6.

In addition, I write separately to shed light on a shortcoming in the way that immigration visas are issued, which has become apparent through the adjudication of this case and related cases filed across the country. Koppula and Penugonda seek green cards but have been thwarted for years. To get one, Koppula and Penugonda must obtain: "(1) a labor certification from the Department of Labor; (2) an approved I-140 immigrant petition from USCIS; and (3) an approved Form I-485, Application to register Permanent Residence or Adjust Status from USCIS." *Thigulla v. Jaddou*, 94 F.4th 770, 772 (8th Cir. 2024).

However, as a result of our confusing immigration system, Koppula and Penugonda will be forced to endure long delays—they have already been waiting four years—before they receive a decision on the immigration relief they seek, even though: (1) they completed the three required steps; and (2) the State Department first classified their visas as current—and therefore ready to be reviewed—years ago. This results from the fact that an

4

applicant's priority date, which determines the order in which his application will be reviewed, is based on the date that step 1 (labor certification) is completed. Thus, even if a visa was available for an applicant with a certain priority date when that applicant finished all three steps, the applicant could still be leapfrogged in line by a person who completed step 1 first. This leapfrogging could occur after an applicant has been told that a visa was available to someone with his priority date if a second applicant completed step 3 of the process after the first applicant finished all three steps but before the government issued the visa that had been available to the first applicant.

This may not be an issue if the government expeditiously adjudicated green card applications. But too often, completed applications sit idle, as Koppula and Penugonda allege here. Thus, an applicant who is told that their application is ripe for an available visa at Time A may be told that they must wait another two years before their application can be considered at Time B. Even worse, slow processing by the agency can result in wasted visas that are never ultimately used for any applicant in Koppula's and Penugonda's preference category. Such delay is particularly harmful to applicants from India, such as Koppula and Penugonda, because there is already far more annual demand than there are visas available to employment-based immigrants from India.

"This case exemplifies why the immigration law of the United States is inexcusably complicated and in need of immediate revision." *Villa v. Holder*, 646 F. App'x 270, 272 (5th Cir. 2012). But no matter how frustrating our labyrinth of immigration laws may be, "[w]e are a court of law, not policymakers of [penultimate] resort." *Arizona v. Mayorkas*, 143 S. Ct. 478, 479 (2022) (Gorsuch, J., dissenting from grant of stay).

With these thoughts in mind. I concur.