# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 2, 2025

Lyle W. Cayce
Clerk

————————

No. 25-50177

————————

Shunston S. Seaforth,

*Plaintiff—Appellant*,

*versus*

Cornerstone Home Lending, Incorporated; Lone Care, L.L.C.; U.S. National Bank Association, *Trustee for Ginnie Mae REMIC Trust*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:25-CV-144

———————————————————————

Before Smith, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Shunston Seaforth moves to proceed *in forma pauperis* ("IFP") in his interlocutory appeal from the denials of his "motion to stay foreclosure proceedings," which effectively sought a preliminary injunction, and his motion for a temporary restraining order to stay foreclosure proceedings.

We must examine the basis for our jurisdiction, *sua sponte* if necessary.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50177

*Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). We lack jurisdiction over Seaforth's interlocutory appeal from the denial of a temporary restraining order. *See In re Lieb*, 915 F.2d 180, 183 (5th Cir. 1990). Further, while this appeal was pending, the district court entered a final judgment dismissing Seaforth's claims. His appeal from the denial of a preliminary injunction therefore is moot. *See Koppula v. Jaddou*, 72 F.4th 83, 84–85 (5th Cir. 2023); *see also Am. Precision Ammunition, L.L.C. v. City of Min. Wells*, 90 F.4th 820, 827 (5th Cir. 2024) ("We lack subject matter jurisdiction to review a moot claim.").

Accordingly, the appeal is DISMISSED for want of jurisdiction. Seaforth's IFP motion and motion to supplement the record or, alternatively, for judicial notice are DENIED as moot.